IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES SHERRILL,<br><br>Defendant. | Case No. 14-MJ-111<br><br>ORDER FOR PRETRIAL DETENTION |

On the 17th day of April, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 10, 2014, Defendant James Sherrill was charged by Criminal Complaint (docket number 2) with possession of a sawed-off shotgun. At the hearing, Special Agent Tim Hunt of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified regarding the circumstances underlying the instant charge. Late in the evening on November 30, 2013, a Benton County deputy sheriff found two females in possession of narcotics during a traffic stop. The females told the deputy they had just come from Defendant's residence, where they had purchased the narcotics from him. Officers then obtained a search warrant for Defendant's residence, which was executed during the early morning hours of December 1, 2013. Defendant and Blake Shellenberger were found in the living room at Defendant's residence when the search warrant was executed. Also found at that time was a loaded sawed-off 20-gauge shotgun on the floor next to the chair where Defendant had been sitting. Shellenberger recently told Agent Hunt he did not know the shotgun was there and it belonged to Defendant. Defendant had directed officers to the shotgun when

the search warrant was being executed, and Defendant told officers he had the weapon for protection. A search of the residence also revealed drugs and drug paraphernalia.

On April 10, 2014, Special Agent Hunt presented me with a criminal complaint and I ordered that a warrant issue for Defendant's arrest. According to the docket sheet, Defendant was arrested on April 15, 2014. Agent Hunt testified regarding the circumstances surrounding Defendant's arrest. Officers went to the home of Jacob Brisbane in Van Horne, Iowa, and knocked on the door. After some delay, Brisbane, who has prior felony convictions, answered the door. Also present at that time were Haylee Banghart, described as Defendant's girlfriend, and another woman. The occupants of the house initially told officers that Defendant was not there. Eventually, however, they admitted he was hiding in the attic. In compliance with the officers' order, Defendant then exited the attic.

Defendant is 25 years old, has never been married, and has no children. For the past year, Defendant has lived with his girlfriend in Van Horne, and would return to that residence if released. Defendant's parents live in Van Horne and he has three sisters, all of whom reside in Eastern Iowa.

Defendant told the pretrial services officer that he has been employed as his father's auto body shop in Van Horne for the past 14 months, and also performs auto repairs "on the side." Rather than receiving wages, Defendant's father compensates him by paying his rent and utilities. Defendant is in good health, but was treated for depression at age 13. Defendant admitted that he consumed alcohol to the point of intoxication on a daily basis between ages 19 and 21, but told the pretrial services officer that he has not consumed alcohol in the past three years. Defendant also admitted to the occasional use of marijuana and methamphetamine, but claims he last used both substances four months prior to his arrest in this case.

Defendant's criminal record dates back to an adjudication at age 16 for burglary in the third degree. While that charge was pending, Defendant was arrested and convicted

of possession of drug paraphernalia. In 2010, at age 21, Defendant was convicted in Benton County, Iowa of theft in the fifth degree, and convicted in Arizona for driving under the influence and possession of drug paraphernalia.

While the Arizona charges were pending, Defendant was arrested in Texas for money laundering and possession of a controlled substance. Defendant initially received a deferred adjudication in September 2010 and was placed on probation. In March 2011, however, a motion was filed requesting the Court to adjudicate and make final disposition in the cases due to Defendant's violation of the conditions of deferred adjudication. Among other things, Defendant had been arrested and convicted in Iowa for possession of a controlled substance. On May 27, 2011, Defendant was adjudicated guilty in the two Texas cases and was given a five-year suspended prison term.

In October 2011, a motion to revoke Defendant's probation was filed in the Texas cases. It was alleged that Defendant had smoked marijuana on multiple occasions and used methamphetamine while on probation. In addition, Defendant failed to report to his probation officer as required and failed to make court-ordered payments. Apparently, a warrant was issued for Defendant's arrest. On December 5, 2013 (shortly after the incident which gives rise to the instant charge), Defendant was arrested in Iowa on the Texas warrant. Apparently, Defendant was permitted to provide a $500 written appearance bond on December 13, 2013 to secure his release. Defendant then failed to appear for the hearing in Texas, however, and a warrant was issued for his arrest on February 26, 2014. That is, there is currently a no-bond warrant issued in Texas for Defendant's arrest.

Meanwhile, in Iowa, Defendant has been convicted five times for driving without a license, and a driving while barred charge is pending. On one occasion, Defendant failed to appear and a warrant was issued for his arrest. Defendant also has charges pending against him in Benton County for fraudulent practice in the second degree, theft

3

in the second degree, possession of drug paraphernalia (x2), and interference with official acts.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a sawed-off shotgun. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Because there is a no-bond warrant in Texas for Defendant's arrest, the Court concludes that his release is not appropriate. That is, *if* the Court found Defendant could be released under conditions, then he would be extradited to Texas on the active warrant. Because it is likely that his attendance in this district will be required in the near future,

the Court does not believe he should be released at this time. If circumstances change regarding the Texas warrant, then Defendant may ask for further hearing. The Court has *not* determined whether, absent the Texas warrant, there are conditions which will reasonably assure the Defendant's appearance as required and the safety of the community.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 17th day of April, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA